DAVID F. FAUSTMAN (SBN 81862)
dfaustman@foxrothschild.com
JESSE KOPPIN (SBN 270178)
jkoppin@foxrothschild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Defendant
Dollar General Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN YUH, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, a Tennessee Corporation, and DOES 1 individual, and DOES 1 through 50, inclusive <br><br> Defendants. | Case No.: 1:15-cv-00998-JLT <br><br> **STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER** <br><br> Complaint Filed: May 6, 2015 |

**IT IS HEREBY STIPULATED AND AGREED** by and between Defendant Dollar General Corporation, ("Defendant") and Plaintiff Ken Yuh ("Plaintiff") (collectively, the "Parties"), through their respective attorneys of record undersigned below, that in order to facilitate the prompt and thorough exchange of documents between the parties, and with regard to documents produced and/or exchanged by Defendants or Plaintiff in the course of this action which contain private, confidential, proprietary, commercial, and/or trade-secret information of Defendants or Plaintiff, the following procedures shall govern:

**1.     DEFINITIONS**

    A.     Challenging Party: a Party that challenges the designation of information or items under this Agreement.

    B.     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) trade secret information as

defined by Cal. Civ. Code §3426.1[1]; (ii) confidential proprietary, financial, or medical information pertaining to a Party; (iii) internal company operations documents not readily available to the public; (iv) information which, if disclosed, could constitute a violation of any third party's right of privacy or otherwise violates an obligation of confidentiality owed to a third party, such as personnel records and medical records, and other records containing employee social security numbers, dates of birth, home addresses, telephone numbers, and e-mail addresses; and/or (v) information or material that may not be disclosed pursuant to any federal or state law or regulation, including but not limited to the International Traffic in Arms Regulations (ITAR).

      C.      <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

      D.      <u>Designating Party</u>: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

      E.      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

      F.      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

      G.      <u>House Counsel</u>: attorneys who are employees of a Party to this action.

      H.      <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

---

[1] Cal. Civ. Code §3426.1(d) provides that "Trade secret means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

I. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

J. <u>Producing Party</u>: a Party that produces Disclosure or Discovery Material in this action.

K. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

M. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.   DURATION**

Even after final disposition of this action, the confidentiality obligations imposed by this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (A) dismissal of all claims and defenses in this action, with or without prejudice; and (B) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**3.   DESIGNATING PROTECTED MATERIAL**

A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Stipulation must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.  If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection, that Designating Party must promptly notify the other Party that it is withdrawing the mistaken designation.

  B. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation, Disclosure or Discovery Material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Agreement requires:

    1. <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    2. <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, the Designating Party may identify protected testimony by written notice, sent by counsel to all parties within ten (10) days after the receipt of the transcript of the deposition or other pretrial testimony provided that only those portions of the transcripts designated as "CONFIDENTIAL" shall be deemed Protected Material.  All depositions will be treated as Protected Material until the expiration of the ten (10) day period.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or in writing, without further order of the Court.

    3. <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  C. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation for such material.  Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation.

4. **ACCESS TO AND USE OF PROTECTED MATERIAL**

   A. <u>Basic Principles & Disposition of Protected Material</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  It may not be used for any purpose in any other litigation other than the current action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation.  Within 60 days after the final disposition of this action, as defined in paragraph 3 above, each Receiving Party must destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

   B. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" **only to**:

   1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

   2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

   3. Experts (as defined in this Stipulation) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached hereto as Exhibit A);

   4. the Court and its personnel;

   5. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action;

   6. during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court; and

       7.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**5.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must immediately: (A) notify the Designating Party in writing of the unauthorized disclosures, (B) use its best efforts to retrieve all unauthorized copies of the Protected Material, (C) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation, and (D) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**6.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties must (A) promptly destroy the specified material and any copies they have; (B) not use or disclose the material or any information contained therein; (C) take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified by the Producing Party; and (D) promptly present the material to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Insofar as the Parties reach an agreement on the effect of disclosure of material, communications, or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a separate stipulated protective order submitted to the Court.

**7.**    <u>**MISCELLANEOUS**</u>

A.    <u>Right to Further Relief</u>. Nothing in this Stipulation abridges the right of any person to seek its modification by the Court in the future.

B. <u>Right to Assert Other Objections</u>. By entering into this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation.

C. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must obtain a court order authorizing the sealing of the specific Protected Material at issue.

**IT IS SO STIPULATED.**

Dated: January 28, 2016

FOX ROTHSCHILD LLP

By: _____
David F. Faustman
Jesse M Koppin
Attorneys for Defendants
DOLLAR GENERAL CORPORATION;

Dated: February 1, 2016

REHWALD GLASNER & CHALEFF

By: _____
Kevin Rehwald
Attorneys for Plaintiff,
KEN YUH

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: Feb. 4, 2016

_____
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE JENNIFER L. THURSTON

**EXHIBIT A**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in United States District Court in the case of *Ken Yuh v. Dollar General Corporation, et al.*, Case No. 1:15-CV-00998-JLT.  I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____